UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
1:05CV7-EHJ

RITA A WELLS FOR BKM                                            PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                 DEFENDANT

**MEMORANDUM OPINION**

This case is before the Court upon plaintiff's objections to the proposed findings and recommendations of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed findings and recommendations should be adopted, and the decision of the Commissioner should be affirmed.

This case involves the plaintiff's application for childhood supplemental security income benefits as a result of the alleged disability of BKM. The application was filed on May 13, 1993, alleging that the child was disabled at birth on January 21, 1986 by attention disorder, for which she received medication (Tr. 87). This case has had a rather lengthy procedural history, which includes three separate remands (Tr. 260, 284, 673). Administrative Law Judge Gary Flenner found that BKM suffers from ADHD, a dysthymic disorder, a parent-child relationship disorder and asthma, severe impairments which do not meet, equal or functionally equal the criteria of any listed impairments. The ALJ found no disability, as the claimant does not suffer from two marked impairments or one severe impairment in one of the six domains of development and functioning delineated in 20 C.F.R. §416.926a(b)(1).

Plaintiff's first objection to the magistrate's findings is that not all of the evaluating psychological opinions of record were considered, and she disputes the applicable standard set forth by the magistrate. The Court believes that the magistrate applied the proper standard in evaluating the evidence of record. That is, the final rules adopted by the Commissioner in implementing the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 established a three-step evaluation process, adopting four methods for establishing functional equivalence of listed impairments. An impairment or combination of impairments is deemed the functional equivalent of a listed impairment if it sufficiently adversely impacts upon one or more of the six domains of functioning: 1) acquiring and using information; 2) Attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. Plaintiff contends that the second evaluation by Dr. Weiss should have been considered and given controlling weight, despite the fact that Dr. Weiss did not evaluate the child's condition under these six functional domains. The Court disagrees, and finds that the magistrate properly evaluated the non-stale medical evidence before the ALJ from Dr. Wagner, Dr. Mares and Dr. Cabezas in determining that the ALJ's decision was supported by substantial evidence.

Plaintiff further objects to the evaluation of the medical opinions, suggesting that the ALJ did not set forth an adequate basis for rejecting the opinions of medical advisor Dr. Tom Wagner or consultative examiner, Dr. Craig Cabezas. However, as the magistrate judge aptly notes, neither of these doctors' findings would direct a finding of disability, even if they had been given controlling weight. Next, plaintiff contends that the ALJ should have re-contacted Dr. Cabezas. This argument assumes that there was not sufficient evidence to make a determination, which is

simply not the case herein. Finally, plaintiff urges that remand for payment is warranted because the case has been pending since 1993. Though the Court understands the plaintiff's frustration with the duration of this claim, it is in no position to simply award benefits on the basis of the plaintiff's endurance alone.

In sum, substantial evidence supports the finding of no disability in this case. While the child had some difficulties with ADHD, depression, and acting out, substantial evidence of record indicates that she has overcome these obstacles, together with a difficult home life. The record reflects that she has matured into a talented young woman. She had a 3.4 GPA in regular classes at the time of the last hearing, was in advanced choir and had qualified for All-State, hoped to attend music school, recently participated in a beauty pageant, and was a member of Future Business Leaders of America. The Court agrees with the Commissioner that labeling BKM as disabled would be a grave disservice to her and to her ambitions to attend college.

Accordingly, the magistrate's analysis of the issues and application of the law are appropriate, and his recommendations are adopted. While the Court is sympathetic to BKM's situation, it finds no misapplication of the regulations. Though this Court may have analyzed the evidence differently to reach a contrary conclusion, it is bound to uphold the Commissioner, Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990).